WILLIAM A. MEAD and HENRY C. MEAD *v.* SETH C. KEYES. (*a*)

Where the owner of a promissory note, past due, having sent the same away for collection, received the note of a third person in satisfaction, and thereupon gave an order directing the delivery of the first mentioned note to the maker thereof; *held*, that the note of such third person was not within the statute of frauds, as an agreement to pay the debt of another.

In this court, a motion for a new trial after the verdict of a jury, should be heard, in the first instance, before the judge who presided at the trial.

ONE William E. Keyes, a brother of the defendant, and residing in California, was indebted to the plaintiffs in about the sum of $11,000, for goods sold. The plaintiffs held the

---

(*a*) Affirmed in the Court of Appeals.

notes of the debtor therefor, which were past due, and which they had transmitted to their agent in San Francisco, for collection. The defendant now came forward, and executed and delivered to the plaintiffs six promissory notes.

The plaintiffs gave him a receipt, acknowledging the notes last mentioned as "a full satisfaction of the indebtedness of Wm. E. Keyes." At the same time, they gave the defendant an order, in favor of William E. Keyes, directing their agent in California to deliver the original notes.

The cause was tried before WOODRUFF, J., and a jury, and a verdict rendered for the plaintiffs, whereupon judgment was entered. The defendant appealed directly to the general term.

The defendant claimed, 1. That the notes in suit were invalid for want of consideration; and, 2. That they were within the statute of frauds.

*William Moultrie* and *James T. Brady*, for the defendant, cited Parsons on Con. 353; *Brewster* v. *Silence*, 11 Barb. 144; *Spicer* v. *Norton*, 13 ib. 543; *Burnet* v. *Bisco*, 4 Johns. 296; *Jackson* v. *Raynor*, ib. 291; *Childs* v. *Barnum*, 11 Barb. 14; *Kingsley* v. *Balcome*, 4 ib. 131; *Smith* v. *Ives*, 15 Wend. 182; *Watson* v. *Randall*, 20 ib. 201.

*Augustus F. Smith*, for the plaintiffs, cited *Seneca County Bank* v. *Neass*, 3 Comst. 443; *Bank of Rutland* v. *Buck*, 5 Wend. 66; *Grandin* v. *Le Roy*, 2 Paige, 509; *Mohawk Bank* v. *Corey*, 1 Hill, 513; Story on Promissory Notes, §§ 181, 186; *Watson* v. *McLaren*, 19 Wend. 557; *Douglass* v. *Howland*, 24 ib. 35.

BY THE COURT. INGRAHAM, FIRST J.—It does not appear that any motion for a new trial has been made before the judge who tried the cause, where strictly the case should have been first heard, but as Judge WOODRUFF will not be able to hear that motion now, we will dispose of it on appeal.

The objection to the plaintiffs' recovery is, that the notes in suit were given for the debt of another, and, therefore, are void by the statute of frauds.

The evidence does not show that the notes were a promise to pay the debt of another. It is true they were given for other notes which the plaintiffs held, drawn by William E. Keyes, but the moment these notes were given, and the order of the plaintiffs to deliver the notes of William E. Keyes was given to the defendant, the plaintiffs ceased to have any claim against William, and the defendant became the creditor. It was a purchase, by the defendant, of the debt which the plaintiffs had against William E. Keyes, and the defendant's notes were given in payment.

There is no ground whatever upon which the statute of frauds can be made applicable to these notes under the evidence, and the judgment should be affirmed.

Judgment affirmed.